# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARVIN DRESSLER, | ) | 3:10-cv-00753-RCJ (WGC) |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | May 15, 2012 |
| BRUCE BANNISTER, et al., | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE OGDEN        REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　Before the court is Defendants' Motion to File Exhibits Under Seal in Support of Defendants' Motion for Summary Judgment.  (Doc. # 22.)  Specifically, Defendants seek to file Exhibits A, B, E, and F, consisting of Plaintiff's Offender Information Summary, Medical Report of Incident, Medical Progress Notes and Medical Kites, and Declaration of Sandra H. Snider, under seal.  (*Id.*)

　　"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*.  Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

　　A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion must meet the "compelling reasons" standard outlined in *Kamakana*.  Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the

MINUTES OF THE COURT
3:10-cv-00753-RCJ (WGC)
Date:  May 15, 2012
Page 2

material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v.  Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.  6 (9th Cir.  2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

      The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion.  *See, e.g., San Ramon Regional Med.  Ctr., Inc.  v.  Principal Life Ins.  Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan.  10, 2011); *Abbey v.  Hawaii Employers Mut.  Ins.*  Co., 2010 WL4715793, at * 1-2 (D.  HI. Nov.  15, 2010); *G.  v.  Hawaii*, 2010 WL 267483, at *1-2 (D.HI.  June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal.  Sept.  24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz.  May 4, 2009).

      With respect to Exhibit A, Plaintiff's Offender Information Summary, the court is aware that these types of records contain highly sensitive and confidential information which if disclosed, could undermine the safety and security of the plaintiff inmate, other inmates, correctional staff, and the general public.

      Exhibits B and E contain Plaintiff's sensitive health information, medical history, and treatment records. Exhibit F contains information pulled from Plaintiff's medical records and kites. Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing these exhibits.

      Therefore, Defendants' motion (Doc. # 22) to file Exhibits A, B, E, and F under seal is **<u>GRANTED</u>**.

      **IT IS SO ORDERED.**

                                                  LANCE S. WILSON, CLERK

                                                  By:__/s/_____
                                                        Deputy Clerk